IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TOMAZINA JOHNSON d/b/a**
**ZING ZING'S WINGS & MORE, LLC,**

        **Plaintiff,**

v.                                                   Case 2:20-cv-02912-cgc

**STATE FARM FIRE & CASUALTY**
**COMPANY,**

        **Defendant.**

### ORDER REMANDING CASE TO STATE COURT

The instant case is before the Court by consent of the parties to the jurisdiction of the United States Magistrate Judge pursuant to 28 United States Code Section 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (D.E. # 9). This case was initially filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. (Docket Entry ("D.E.") #1-2). Plaintiff's Complaint alleges breach of contract and bad-faith refusal to pay an insurance claim pursuant to Tennessee Code Annotated Section 56-7-105. (*Id*.) State Farm timely removed the case to this Court on the basis of diversity jurisdiction. (D.E. #1).

At no point in this case has Plaintiff challenged this Court's subject-matter jurisdiction. In fact, the case has progressed to the summary-judgment stage without any concern to date that it may be lacking. However, the issue of subject-matter jurisdiction was raised in Defendant's Motion for Summary Judgment in its choice-of-law argument. This led to Plaintiff's filing of exhibits evidencing her estimated losses, which fall significantly below the $75,000.00 threshold.

(*See* D.E. #33-11, #33-13). Thus, at this juncture, the Court found it to be appropriate to, *sua sponte*, re-examine the question of whether subject-matter jurisdiction exists in the instant case.

One of the two well-established bases for subject matter jurisdiction is jurisdiction based upon the diversity of citizenship; however, Congress requires two circumstances for diversity jurisdiction to be satisfied. First, it requires the parties to be completely diverse from each other. 28 U.S.C. § 1332. Second, it currently requires an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Here, there is no question as to the complete diversity of citizenship between the parties. Johnson is a citizen of Tennessee while State Farm is an Illinois corporation with its principal place of business in Illinois. (D.E. #1). The more complex issue is whether the amount-in-controversy requirement is satisfied.

To satisfy the amount-in-controversy requirement, a plaintiff must have plead damages in excess of $75,000. 28 U.S.C. § 1332(a). Only if, from the "face of the pleadings" or from "the proofs," the Court "is satisfied to a like certainty that the plaintiff was never entitled to recover that amount" will the suit be dismissed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938). "[E]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.* at 290. However, there is a key distinction between "subsequent events that change the amount in controversy and subsequent revelations that [reveal], in fact, the required amount was or was not in controversy at the commencement of the action." *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993).

Because this case was removed to this Court, State Farm bears the burden of proving that the amount in controversy has been met by a preponderance of the evidence. *Shupe v. Asplundh Tree Expert Cove Company*, 566 F. App'x 476, 478(6th Cir. 2014) (citing 28 U.S.C. §

1446(c)(2)(B) & *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). State Farm, in its Motion for Summary Judgment, states that it has met this burden and cites Plaintiff's Complaint and its Notice of Removal to support its position. (D.E #27-1 at PageID 72; D.E. #1 ¶ 3; D.E. #1-2 ¶ 20).

> Plaintiff's Complaint states as follows:
>
> Plaintiff suffered the following damages, including but not limited to:
>
> a. Cost to replace the stolen Property in an amount to be determined by the trier of fact, but in any event for not less than sixty thousand dollars ($60,000.00);
>
> b. Any consequential damages resulting from the continuing and ongoing damage to the Property as a result of Defendant State Farm's breach of the contract; and
>
> c. The maximum amount of attorney's fees and costs permitted by law which were incurred by Plaintiff in pursing her rights in this matter.

(D.E. #1-2 ¶ 20). The Notice of Removal summarizes this as follows: "Plaintiff's complaint seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00)." State Farm's Motion for Summary Judgment explains that it reached this figure by multiplying Plaintiff's $60,000.00 prayer for damages by twenty-five percent, which is the amount permitted under the Tennessee bad-faith statute. *See* Tenn. Code. Ann. § 56-7-105. This would bring the amount in controversy to $75,000.00, but it would not bring it in excess thereof. However, further facts have now revealed a much lower amount of losses that are in fact in dispute.

Specifically, in her Response to Defendant's Motion for Summary Judgment, Plaintiff has filed two key exhibits itemizing her losses. First, the Memphis Police Department's Incident Report, which was prepared on May 11, 2019, states that Plaintiff-Complainant advised that a total of $31,700.00 in property was stolen from her business. (D.E. # 33-11 at PageID 445). Second, Plaintiff has included an itemized list of property, with supporting receipts, with a heading that states it pertains to "State Farm Claim No. 42-8794-D68, DOL: April 27, 2019" and "Coverage B- T. Johnson, Zing Zing's Wings and More, LLC." (D.E. # 33-13 at PageID 457-477). Although

it is not clear if this is a final estimate, the document lists $20,052.48 in property that is at issue in the coverage dispute. *Id*. The Court need not clarify the precise circumstances surrounding this latter itemization of property, as, even taking the higher $31,700.00 and assuming the maximum additional 25% bad-faith penalty, the total amount in controversy evidenced by the proof in the record would be $39,625.00. State Farm would still have had to show that Johnson, if successful on the merits, would be entitled to an additional $35,375.01 from "any consequential damages resulting from the continuing and ongoing damage to the Property as a result of Defendant State Farm's breach of the contract" to meet the amount in controversy. D.E. # 1-2 at PageID 9. State Farm has not done so. Further, there are no statutory or contractual attorneys fees provisions that could potentially make up the $35,375.01 difference.

Accordingly, the damage estimate contained in the Memphis Police Department Incident Report, which was prepared in May 2019, is a subsequent revelation that weighs upon the question of jurisdiction rather than a subsequent event that would not. Otherwise stated, this evidence merely clarifies the amount of damages that has been in controversy from the time the case was initiated. Upon consider of the evidence now contained in the record, the Court may not properly exercise diversity jurisdiction in this case. For these reasons it is ORDERED that this case be REMANDED to the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.

**IT IS SO ORDERED** this 11th day of May, 2022.

                                      s/Charmiane G. Claxton
                                      CHARMIANE G. CLAXTON
                                      UNITED STATES MAGISTRATE JUDGE